UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

DONALD BARRETTE,

   Plaintiff,

-VS-                                      CASE NO.:

SYNCHRONY BANK,              4:16-cv-189 (CDL)

   Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiff, Donald Barrette, by and through the undersigned counsel, and sues Defendant, Synchrony Bank, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1.      The TCPA was enacted to prevent companies like Synchrony Bank from invading American citizen's privacy and prevent abusive "robo-calls."

2.      "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3.      "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4.  According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet:  Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5.  This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6.  Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7.  Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

8.  Venue is proper in this District as Plaintiff resides within this District (Muscogee County, Georgia), the violations described in this Complaint occurred in this District and the Defendant transacts business within Muscogee County, Georgia.

## FACTUAL ALLEGATIONS

9.      Plaintiff is a natural person, and citizen of the State of Georgia, residing in Muscogee County, Georgia.

10.     Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

11.     Defendant, SYNCHRONY BANK (hereinafter "SYNCHRONY"), is a corporation with its principal place of business at 170 West Election Road, Suite 125, Draper, UT 84020, and conducting business in the state of Georgia.

12.     Defendant called Plaintiff on Plaintiff's cellular telephone approximately 156 times since April 7, 2016 in an attempt to collect a debt.

13.     Defendant attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

14.     Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day and on back to back days, with such frequency as can reasonably be expected to harass. For example, Defendant called Plaintiff from the telephone number 877-317-5659 twice on April 11, 2016; twice on April 12, 2016; and three times on April 13, 2016.

15.     Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast

number of calls he received and because each call came from a different agent who knew nothing regarding the last call from a prior agent. Furthermore, Plaintiff will testify that he received pre-recorded messages from the Defendant.

16. Beginning on or about April 7, 2016, the Defendant began bombarding Plaintiff's cellular telephone (706) \*\*\*-2706 in an attempt to collect on a credit card account. On or about April 6, 2016 Plaintiff closed out his account with the Defendant. On April 7, 2016 Plaintiff told the Defendant to stop calling him on his cell phone, thereby revoking any alleged prior express consent Defendant believed it had to call him using automated technology. The Defendant subsequently called the Plaintiff one hundred and fifty-six (156) times between April 7, 2016 and the end of May, 2016.

17. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

18. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, to remove the number.

19. Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining that they wish for the calls to stop.

20. Defendant has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

21. Defendant has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite being requested to stop.

22. Defendant has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

23. Defendant's corporate policy provided no means for Plaintiff to have his number removed from Defendant's call list.

24. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

25. Not a single call placed by Defendant to Plaintiff was placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

26. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

27. As a result of the Defendant's campaign of autodialer calls to the Plaintiff, the Plaintiff suffered actual damages, including an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, and frustration.

## COUNT I
**(Violation of the TCPA)**

28. Plaintiff fully incorporates and re-alleges paragraphs one (1) through twenty-seven (27) as if fully set forth herein.

29. Defendant willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that he wished for the calls to stop on or about April 7, 2016.

30. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Octatvio "Tav" Gomez, Esquire*
Octavio "Tav" Gomez, Esquire
Georgia Bar #:617963
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
tgomez@forthepeople.com
Amoore2@forthepeople.com
jkneeland@forthepeople.com
Attorney for Plaintiff